1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No.  2:12-cr-0437 TLN CKD P

12              Respondent,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    DEQUAN PATTERSON,

15              Movant.

16

17          Movant is a United States prisoner proceeding pro se with a motion attacking his sentence

18    under 28 U.S.C. § 2255.  ECF No. 122.  On January 8, 2015, movant plead guilty to bank robbery

19    in this action, and admitted that he had violated the terms of supervised release in 2:12-cr-0436

20    TLN.  ECF No. 108 & 111.  In exchange for his plea and admission, respondent agreed to

21    recommend that movant be sentenced to consecutive terms of 72 months imprisonment for bank

22    robbery, and 24 months for the supervised release violation.  ECF No. 111.  This is in fact the

23    sentence movant received on May 21, 2015.  ECF No. 116.

24          Movant argues that the trial court should have decreased the "Total Offense Level"

25    applicable at sentencing in this action by two levels under United States Sentencing Guidelines §

26    3B1.2(b) because, according to movant, he was a minor participant in the bank robbery.

27    However, movant entered into a negotiated plea agreement with the government, a condition of

28    which was that he not challenge his sentence through a § 2255 motion.  The Ninth Circuit has

1

1    found that a waiver of the right to file a § 2255 motion made pursuant to plea negotiations is

2    enforceable except with respect to a claim that the waiver or plea was involuntary or that

3    ineffective assistance of counsel renders the plea or waiver involuntary.  See Washington v.

4    Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005) (plea agreement waiving the right to file a federal

5    habeas petition is unenforceable with respect to an ineffective assistance of counsel claim

6    challenging voluntariness of the waiver).   Movant fails to argue, or point to facts suggesting, that

7    any part of his plea or waiver of his right to file a § 2255 motion was involuntary. Further, he

8    does not allege he was subjected to ineffective assistant of counsel in any respect during the plea

9    process.

10            Because it is clear that, in his plea agreement, movant waived his rights to bring the claim

11   he now presents, the court will recommend that movant's § 2255 motion be denied. The court

12   need not address the other arguments raised in respondent's opposition.

13            In accordance with the above, IT IS HEREBY RECOMMENDED that:

14            1.  Movant's August 10, 2016 motion attacking his sentence under 28 U.S.C. § 2255 (ECF

15   No. 122) be denied; and

16            2.  The Clerk of the Court be directed to close the companion civil case, No. 2:16-cv-1890

17   TLN CKD P.

18            These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant

23   may address whether a certificate of appealability should issue in the event he files an appeal of

24   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district

25   court must issue or deny a certificate of appealability when it enters a final order adverse to the

26   applicant).  Any response to the objections shall be served and filed within fourteen days after

27   service of the objections.  The parties are advised that failure to file objections within the

28   /////

1   specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2   1153 (9th Cir. 1991).

3   Dated:  February 28, 2017

4                                                                    _____
                                                                     CAROLYN K. DELANEY
5                                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8   1
    patt0437.257
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28